IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,611-01 AND WR-63,611-02






EX PARTE JOSE LUIS MARTINEZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W380-81711-03 AND W380-81712-03

IN THE 380TH JUDICIAL DISTRICT COURT COLLIN COUNTY




 Per curiam.


 O R D E R


 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of aggravated robbery, and punishment was assessed at fifteen (15)
years' confinement. No direct appeal was taken.

 Applicant contends that his plea of guilty was involuntary because he was not
informed of the nature and consequences of his plea.

 The trial court has entered orders concluding that "Applicant has not raised any
controverted, previously unresolved facts material to the legality of his conviction." 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. This trial court may resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
defense counsel, or it may hold a hearing. In the appropriate case, the trial court may rely on
personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether: Applicant and counsel were able to communicate effectively; an interpreter
should have assisted or did assist Applicant and counsel with communication; counsel
informed Applicant of the nature and consequences of his plea; Applicant otherwise was
informed of the nature and consequences of his plea. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the applications for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex. Crim. App. 1960), these applications for post-conviction writs of
habeas corpus will be held in abeyance pending the trial court's compliance with this order. 
The trial court shall resolve the issues presented within ninety (90) days of the date of this
order. (1) A supplemental transcript containing all affidavits, the transcription of the court
reporter's notes from any interrogatories or hearings held, along with the trial court's
findings of fact and conclusions of law, shall be returned to this Court within one hundred
twenty (120) days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 25th day of JANUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.